**FILED**

**JUL 27 2015**

**Clerk, U.S. District and Bankruptcy Courts**

UNITED STATES DISTRICT COURT
333 Constitution Avenue N.W.
Washington D.C. 20001

Barry Ahuruonye,

2001 Oglethorpe Street, #202,
Hyattsville MD 20782

312-802-7791

Case: 1:15-cv-01215
Assigned To : Walton, Reggie B.
Assign. Date : 7/27/2015
Description: FOIA/Privacy Act (I)

Plaintiff,

v.

United States Department of the Interior
WITHHOLDING FILES,

agency address

Office of the Solicitor
1849 C. Street N.W
Washington DC 20240
Attn: Deborah Charette

*MARION CAMPBELL*
*c/o DIVISION OF HUMAN RESOURC*
*5275 LEESBURG PIKE*
*MS - BPHC*
*FALLS CHURCH, VA 22041*

**COMPLAINT FOR INJUNCTIVE RELIEF**

Please see the attached documents; I was informed that it will take about six weeks to

process my waiver so I am attaching a check for $400.00 because of the urgency of the time and

deadline I have to meet with MSPB appeal.

I have sought this information through MSPB "Discovery" and the agency refused to produce as

can be seen on his response to MSPB "Discovery" because this document will prove the actual

dates of the reprisal adverse personnel action against me.

**RECEIVED**

JUL 27 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

The OIG Director in her 4/14/15 report to the senate/congress after investigating my

disclosure of illegal grant awards by my supervisor   substantiated these illegal grant awards

when she reported to the senate that:

**"We issued our report on Mississippi's grant funds in FY 2013 and completed our audit of**

**Louisiana's grant funds last year. Our audits revealed deficiencies in both States'**

**management of grant funds as well as poor Federal oversight of grant recipients and weak**

**risk management. In total, we questioned more than $44.1 million in CIAP costs awarded to**

**Mississippi and Louisiana, representing ineligible grant charges, unreasonable costs, and**

**expenses not supported by proper documentation....Perhaps most significantly, our audit**

**uncovered irregularities that triggered a joint OIG and FBI investigation, resulting in**

**multiple convictions for criminal wrongdoing."**

So my agency took reprisal adverse personnel actions against me:

(1) I seek the agency Fiscal 2014 WIGI notification, I have attached the Fiscal year 2012 copy

of this document to specify exactly what I am seeking

The agency lawyer responded in the discovery that:

"True Copies of Human Resources issued "Within – Grade Notice" for 2014 Determination for the

rest CIAP employees (You referred this document as an "agency internal memo" in the last WIGI

appeal I need exactly the same document for 2013 and 2014) **This document is essential to this

appeal as it document specifically document the date the Acceptable Level of Performance was

made

AGENCY RESPONSE: The Agency objects to this request to the extent that it seeks information irrelevant to this appeal, and specific to other pending litigation brought by Appellant. Specifically, Appellant's request references the subject of appeal identified as MSPB docket NO. DC-531D-15-242-I-1.

However the MSPB has remanded this case for adjudication so I urgently need this document. Please the attached communication with the agency FOIA UNIT, they have been sending me on wild goose chase making false statement that the documents does not exist and then sending me doctored documents with fraudulent dates. **And still the agency don't want to provide it because it will show that I was denied a wage increase before a performance rating**

(2) **As well the document noted below:**

**Detail noted below:**

**According to the agency personnel Record and document with respect to SF52 Termination of 4/14/15. "DATE**

**DAYS IN DAYS ACTION**

**ACTION RECEIVED**

**QUEUE ELAPSED TAKEN BY TAKEN 04/14/15 BILLOTIE, KELLY C**

**INITIATED 04/14/15 BILLOTIE, KELLY C**

**SIGNED AS SPECIALIST 04/14/15 BILLOTIE, KELLY C SPECIALIST P**

4

04/14/15 BILLOTIE, KELLY C SIGNED AS SPECIALIST 04/14/15 BILLOTIE, KELLY C SF52 APPROVAL 04/14/15 Bl LLOTIE, KELLY C SIGNED BY APPROVER 04/14/15 COMPLETED"

   (3) A copy of the  "Form 2809" that was used to terminate my health benefit insurance on or about 4/14/15

I will approach your urgent attention to my request


   (4) Grant such other and further relief as may deem just and proper.


                              Respectfully submitted,



                              Barry Ahuruonye
                              2001 Oglethorpe Street
                              #202 Hyattsville, MD 20782

Dated: July 8, 2015

WITHIN-GRADE NOTICE

DEPARTMENT: IN                    BUREAU:  15      SUBBUREAU:  09

ORGANIZATION CODE:  91400                 PERSONNEL OFFICE: 1735

EMPLOYEE NAME: AHURHONYE, BARRY UDOH

PERFORMANCE RATING: X            DATE OF LAST PERFORMANCE EVALUATION: 12-04-11

GRADE:  12          NEW STEP: 02      PROJECTED WGI EFFECTIVE DATE:  12-02-12
------------------------------------------------------------------------------
CERTIFICATION OF ACCEPTABLE LEVEL OF COMPETENCE
CLASSIFIED (GS OR EQUIVALENT)
------------------------------------------------------------------------------

☐  THE EMPLOYEE'S PERFORMANCE OF DUTIES IS AT A LEVEL OF COMPETENCE FULLY
   QUALIFYING FOR THIS INCREASE.

☒  THE EMPLOYEE'S PERFORMANCE OF DUTIES IS NOT AT AN ACCEPTABLE LEVEL OF
   COMPETENCE. WITHHOLDING ACTION TAKEN.

SUPERVISOR: _____        DATE SIGNED: 09/20/2012

(CERTIFIED SATISFACTORY PERFORMANCE FOR FEDERAL WAGE SYSTEM EMPLOYEES
(WG, WL, WS OR EQUIVALENT OR OTHER PAY SYSTEMS)

CURRENT PERFORMANCE RATING IS SATISFACTORY OR BETTER. EQUIVALENT INCREASE
HAS NOT BEEN RECEIVED DURING THE WAITING PERIOD.

AUTHORIZED OFFICIAL                                    DATE

#1

Reilly
Montracelle

05/15/15      ** FEDERAL PERSONNEL/PAYROLL SYSTEM **      PA906M3

13:59:00        * TRAC STATUS HISTORY *        PA906N1

COMMAND: ____ <=========================================================<<<<<<<<

AHURUONYE, BARRY UDOH     01/20/15   DENIAL OF WITHIN-GRA    15 0758567

**********************************************************************************

| DATE RECEIVED | DAYS IN QUEUE | DAYS ELAPSED | ACTION TAKEN BY | ACTION TAKEN |
|---|---|---|---|---|
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | INITIATED |
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | SIGNED AS SPECIALIST |
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | SPECIALIST |
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | SIGNED AS SPECIALIST |
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | SF52 APPROVAL |
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | SIGNED BY APPROVER |
| 04/14/15 | 0000 | 0000 | COMPLETED | |



Federal Employee Program
www.fepblue.org

3A

**Explanation of Benefits**
THIS IS NOT A BILL

MAILROOM ADMINISTRATOR
PO BOX 14112
LEXINGTON, KY 40512-4112
202-484-1650   1-800-848-9766
TDD NUMBER 202-479-3546

WWW.FEPBLUE.ORG

>0000061 3445358 001 92022  000061
BARRY U AHURUONYE
2001 OGLETHORPE ST
UNIT 202
HYATTSVILLE MD 20782-2712

| EXPLANATION OF BENEFITS AT A GLANCE | |
|---|---|
| | ID Number:          R60164431 |
| | Claim Number:       5146939104P |
| Patient Name:          BARRY | |
| | Claim Received On:  05/26/2015 |
| Dates of Service:    10/24/2014 - 10/24/2014 | Claim Processed On: 06/15/2015 |
| | Patient Acct No: 35661 |

Provider: SHAHROKH SOLTANI                          Dates of Service: 10/24/2014 - 10/24/2014
Type:     PREFERRED PROVIDER

| Type of Service | Submitted Charges | Plan Allowance | Remark Codes | Deduct | Coinsurance Or Copay | Medicare/ Other Ins. | What We Paid | You Owe the Provider |
|---|---|---|---|---|---|---|---|---|
| DENTAL CARE | 4,500.00 | | 219 | | | | | 4,500.00 |
| TOTALS: | 4,500.00 | | | | | | | 4,500.00 |

0000135 3404911 000135 000135 0001:0001

 

**Blue Cross.**
**Blue Shield.**

## Federal Employee Program

>0000135 3404911 001 92022  000135

BARRY U AHURUONYE                                    MAY 18, 2015
2001 OGLETHORPE ST
UNIT 202
HYATTSVILLE MD 20782-2712

DEAR MR. AHURUONYE:

We have been notified by your agency's payroll office that your coverage in the Federal
Employees Health Benefit (FEHB) Program has been terminated. Regretfully, your enrollment
in the Blue Cross and Blue Shield Service Benefit Plan has been terminated effective 04/17/2015.
After this date, you will receive an additional 31 days of coverage. We will be requesting a
refund for any claims paid in error after your 31-day extension of coverage. You will be
notified by your local Blue Cross and Blue Shield Plan regarding refund procedures for those
claims.

If you disagree with this decision, you may ask your employing office or retirement system to
reconsider our decision. The request must be made in writing and must include your name,
address, Social Security Number or other personal identification number, name of carrier,
reason(s) for the request, and if applicable, retirement claim number. The request for
reconsideration must be filed within 60 calendar days after the date of this termination notice.
Once you have requested reconsideration, please immediately contact the customer service
unit at your local Blue Cross and Blue Shield Plan to make them aware of your request.
Providing this information is important so your local Blue Cross and Blue Shield Plan can
suspend its refund recovery activity for claims paid in error until your employing office or
retirement system makes a decision on your reconsideration request. The customer service
telephone number is located on the back of your identification card.

We regret any inconvenience this may cause you. If you have any questions, please contact
your Payroll Office.

Enrollment Processing Section
FEP Operations Center®

The Government - Wide Service Benefit Plan
Blue Cross and Blue Shield Association

UNITED STATES DISTRICT COURT
333 Constitution Avenue N.W.
Washington D.C. 20001

Barry Ahuruonye,

2001 Oglethorpe Street, #202,
 Hyattsville MD 20782

 312-802-7791

Plaintiff,

v.

United States Department of the Interior
WITHHOLDING FILES,

agency address

Office of the Solicitor
1849 C. Street N.W
Washington DC 20240
Attn: Deborah Charette

Defendant.

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of agency records, concerning ((1) **A copy of my m SF 52 Termination document**

**Detail noted below:**

**According to the agency personnel Record and document with respect to SF52 Termination of 4/14/15. "DATE**

**DAYS IN DAYS ACTION**

**ACTION RECEIVED**

**QUEUE ELAPSED TAKEN BY TAKEN 04/14/15 BILLOTIE, KELLY C**

**INITIATED 04/14/15 BILLOTIE, KELLY C**

**SIGNED AS SPECIALIST 04/14/15 BILLOTIE, KELLY C SPECIALIST P**



4

04/14/15 BILLOTIE, KELLY C SIGNED AS SPECIALIST 04/14/15 BILLOTIE, KELLY

C SF52 APPROVAL 04/14/15 Bl LLOTIE, KELLY C SIGNED BY APPROVER 04/14/15

COMPLETED"

 (2) A copy of the  "Form 2809" that was used to terminate my health benefit insurance on

or about 4/14/15

A Copy of my FY 2014 " "Within – Grade Notice".

which defendant has improperly withheld from plaintiff. The agency unlawfully terminated my

employment on 4/14/15 in reprisal for whistleblowing to OIG about more than $41 million in

illegal grant award by this agency management following OIG report to congress on 4/14/15 about

this more than   $41 million in illegal grant the agency affected my termination on the same date

less than the required 30 days by law and the agency have been falsely claiming at MSPB that they

don't have the termination documents or that I should request it from OPM, the documents in

question are with the agency.


According to Department of the Interior Departmental Manual

Series: Personnel Management

Part 370: Departmental Personnel Program

Chapter 752: Discipline and Adverse Actions

Originating Office: Office of Human Resources


(D) 1.8 Records. The servicing HRO shall maintain confidential disciplinary/adverse action

case files; each file shall contain copies of the notice of proposed action, any written

**answer, a summary of any oral answer, the notice of decision (including the reasons for it), any order effecting the action, and any supporting material (e.g., witness statements; affidavits; documents; investigative reports). Disciplinary/adverse action files must be provided to various parties (e.g., the MSPB; the affected employee and/or designated representative; a grievance examiner), but need only be furnished in response to a specific request.**

These are the documents that I need and agency is withholding because the agency lawyer Josh Hildreth has already committed perjury at MSPB appeal and the agency is withholding these documents which I need to establish my case at MSPB

2. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff, (Barry Ahuruonye), was an employee of Department of interior who was terminated following disclosure of millions of dollars of illegal grant awards to the agency OIG and OIG report to congress on 4/14/14 about the fraud riddle CIAP Grant program of Department of the Interior, and is the requester of the records which defendant is now withholding. Plaintiff has requested this information for MSPB appeal On May 18, 2015, the appellant served the agency attorney an interrogatory and as more evidence emerged about the scope of agency's harmful procedure errors in the agency's termination of my employment; the appellant amended it on 5/27/15 giving the agency lawyer ten days to provide them. That ten days expired on 6/7/15 and the appellant provided the agency lawyer a reminder and his intention to file a motion to compel

with the Judge should he not receive the documents by 12:00 Noon on 6/8/15. The agency lawyer responded on 6/7/15 that he has 20 days to respond and the appellant responded that the 20 days is the maximum and waiting for that long to get the initial discovery request will disadvantage my appeal. Appellant has not heard from the agency lawyer since then.

2

Appellant regrets that the Court has had to become involved in these issues that I believe, could have been resolved among the parties specifically the agency counsel. As noted, Appellant is not requesting Agency to provide information or documents that are duplicative of or redundant. (1) The discovery is calculated to produce and lead to the production of material evidence that is not repetitious of facts or documents already in the complaint file, (2) the discovery does not concern privileged or restricted information, and (3) the discovery is not overly burdensome. But my own personal information with this agency

**Agency personnel Record shows that the Appellant was terminated effective 4/14/** *but* **the agency gave him Microsoft word generated letter that fraudulently claimed that the effective date of his termination was 4/26/15 instead of the truthful 4/14/15 hence the need for these documents to urgently amend the appellant's appeal to reflect the accurate date of his termination.**

(1) Appellant need these documents especially (a)OPM FORM SF 52 that was used to effect his termination on 4/14/15

(2) OPM FORM 2809 that was used to terminate the appellant health benefit on or about 4/14/15.

(3) Agency personnel record shows that the Appellant employment was terminated on 4/14/15 and the agency "certified" under oath to the appellant insurance carrier Blue Shield and Blue Cross by means of OPM FORM 2809 and other attachments which provided Blue Shield and Blue Cross the legal basis for not paying the appellant medical bill of more $8,000.00

(4) Based on agency certification of appellant's employment termination on or 4/14/15 BlueShield terminated appellant medical coverage effective 4/17/15

(5) By means of lies, deceit, and subterfuge the agency provided the appellant a "Termination Decision" dated 4/24/15 noting that the effective date of the termination was 4/26/15 that he should take to MSPB to give a false and fraudulent appearance that appellant received the full 30 days that he was entitled which is false as the agency has already certified to the insurance carrier that his employment was terminated on or about 4/14/15.

(6) With all the exparte communication with third party employees, (1) Blue Cross (2) dental insurance (3) vision insurance (4) Thrift savings ( Retirements personnel) etc., appellant needs all these exparte communications with them and all the documents and directions given to Ms. Kelly Billotte from the agency Human Resources that prompted her to initiate my termination on 4/14/15 which was completed on the same date 4/14/15 and who approved my termination on 4/14/14

This **4/26/15 "effective date" of termination**     is a fraudulent effective date the appellant need a copy of the his termination OPM form SF52 and a copy of his OPM FORM 2809 that was used to terminate his medical coverage on or about 4/14 /15 so that he can amend his appeal to reflect the accurate date of his termination on this appeal and resolve more than $8,000.00 in medical bills that resulted from the agency reprisal terminal of employment and employment benefit less than

the required 30 days before the appellant was notified of agency intention to terminate his employment in reprisal.

Furthermore, the information requested has to deal with my affirmative defense:

**b)** *Affirmative defenses of the appellant.* Under 5 U.S.C. 7701(c)(2), the Board is required to overturn the action of the agency, even where the agency has met the evidentiary standard stated in paragraph (a) of this section, if the appellant:

**(1)** Shows harmful error in the application of the agency's procedures in arriving at its decision;

1. Regulatory (5 C.F.R. 752) and statutory (Subpart D of 5 U.S.C. 752) requirements entitle employees to the following rights in any adverse action proceeding: Thirty (30) calendar days advance written notice.

A variety of events in this termination episode has caused serious "harmful procedural errors" in this case. 5 USC 7701(c) requires the Board to reverse an agency action if the appellant shows "harmful error in the application of the agency's procedures in arriving at such decision " or shows that "the decision was not in accordance with law." The agency's procedures include those required by statute, rule, or regulation. Examples of "harmful procedural error" include: failure to provide the full advance notice period (30 days unless the crime provision has been invoked). This did not happen!

(a) The agency provided the appellant with only 18 days' notice from Penny Bartnicki's 3/26/15 proposal date    to the agency termination action    I was informed that 3/26/15 would be my last day in the office and was placed on Administrative leave effective 3/27/15.

(b) I used my last day 3/26/15 to make my oral reply to the "Deciding Official" and the agency charged me 30 minutes AWOL on 3/26/15 for exceeding the time of my oral reply to the "Deciding official"

As noted the requester needs the prompt release of the information is (essential to meeting a deadline for MSPB appeal for the month of July 2015. And your expedite consideration of this case will be appreciated.

4. Defendant (Department of the Interior) is an agency of the United States and has possession of the documents that plaintiff seeks.

5. By email communication dated 6/18/15), plaintiff requested access to these information and documents A copy of these communications is attached as Exhibit 1.

6. By email communication   dated (July 6 2015), plaintiff was denied access to the requested information on the grounds that plaintiff is a former employee and should go to OPM; OPM does not have the specific information being requested and at most a copy of what the agency fax to OPM according to OPM

The agency regulation requires that I be provided these documents but the agency is trying to conceal their unlawful termination of my employment by denying these documents. Per the agency regulation: attached as Exhibit 2

**Part 370: Departmental Personnel Program**

**Chapter 752: Discipline and Adverse Actions**

**Originating Office: Office of Human Resources**

**(D) 1.8 Records. The servicing HRO shall maintain confidential disciplinary/adverse action case files; each file shall contain copies of the notice of proposed action, any written answer, a summary of any oral answer, the notice of decision (including the reasons for it), any order effecting the action, and any supporting material (e.g., witness statements; affidavits; documents; investigative reports). Disciplinary/adverse action files must be provided to various parties (e.g., the MSPB; the affected employee and/or designated representative; a grievance examiner), but need only be furnished in response to a specific request.**

A copy of this denial email     is attached as Exhibit 4

7. By email letter dated July 7, 2015 plaintiff appealed the denial of this request. A copy of this letter is attached as Exhibit 5. And did not get any response

8. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a) (3), and there is no legal basis for defendant's denial of such access especially these are plaintiff personal record with this agency.

WHEREFORE, plaintiff requests this Court:

(1) Order defendant to provide access to the requested documents;

(2) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(3) Award plaintiff costs and reasonable attorneys fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and *In the amount of $12,000.00*

(4) Grant such other and further relief as may deem just and proper.

Respectfully submitted,


_____

Barry Ahuruonye
2001 Oglethorpe Street
#202 Hyattsville, MD 20782

Dated: July 8, 2015

Appellant list of Exhibits

(1) Email Communications with the agency 1-4
(2) MSPB Orders

05/15/15        ** FEDERAL PERSONNEL/PAYROLL SYSTEM **          PA906M3

13:59:00           * TRAC STATUS HISTORY *            PA906N1

COMMAND: ____ <=========================================================<<<<<<<<

AHURUONYE, BARRY UDOH    01/20/15   DENIAL OF WITHIN-GRA      15 0758567

****************************************************************************

| DATE RECEIVED | DAYS IN QUEUE | DAYS ELAPSED | ACTION TAKEN BY | ACTION TAKEN |
|---|---|---|---|---|
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | INITIATED |
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | SIGNED AS SPECIALIST |
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | SPECIALIST |
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | SIGNED AS SPECIALIST |
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | SF52 APPROVAL |
| 04/14/15 | 0000 | 0000 | BILLOTTE, KELLY C | SIGNED BY APPROVER |
| 04/14/15 | 0000 | 0000 | COMPLETED | |

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARRY AHURUONYE,<br>          Appellant, | DOCKET NUMBER<br>DC-531D-15-0242-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br>          Agency. | DATE: June 29, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Barry Ahuruonye</u>, Hyattsville, Maryland, pro se.

<u>Josh C. Hildreth</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the agency action denying his within-grade increase (WIGI) for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

case to the Washington Regional Office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2          The appellant is a Grants Management Specialist, GS-12, step 3. Initial Appeal File (IAF), Tab 21 at 61. On November 28, 2014, the agency issued him a performance appraisal for Fiscal Year 2014, rating his overall performance as unsatisfactory. *Id.* at 22. On December 11, 2014, he filed an appeal with the Board asserting that the agency denied him a WIGI because he was due to receive a WIGI to step 4 by December 2, 2014, and he had not yet received any increase in pay. IAF, Tab 1 at 5, Tab 36 at 4. He raised an affirmative defense of whistleblower reprisal and declined a hearing. IAF, Tab 1 at 2, 5, Tab 15 at 3.

¶3          On January 8, 2015, the agency moved to dismiss the appeal on the ground that it was premature because the agency "ha[d] not yet made a determination regarding Appellant's level of competence." IAF, Tab 5 at 4-6. It asserted that it was not required to make such a determination until May 23, 2015, because its last determination that the appellant was not performing at an acceptable level of competence (ALOC) occurred on May 23, 2014. *Id.* at 4.

¶4          Then, on January 20, 2015, while the appeal was still pending below, the appellant's supervisor emailed him a letter "officially notify[ing]" him that his WIGI to step 4 was denied.[2] IAF, Tab 21 at 63. The letter advised the appellant of his right to request reconsideration of the decision within 15 days of his receipt of the notice. *Id.* The appellant responded on January 21, 2015, acknowledging receipt of the email and stating, "this matter is being appealed at MSPB." *Id.* at 64. He took no further action to request reconsideration of the WIGI denial.

---

[2] On review, the appellant appears to assert that the administrative judge ordered the agency to issue him a WIGI denial letter. *See* Petition for Review (PFR) File, Tab 1 at 13. There is no such evidence in the record.

*See id.* at 65. Thus, in its March 5, 2015 close of record submission,[3] the agency moved to dismiss the appeal on the ground that the Board lacked jurisdiction over the appeal because the appellant failed to seek reconsideration of the January 20, 2015 denial notice. *Id.* at 4-7.

¶5        The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 39, Initial Decision (ID). She found that the appeal was prematurely filed, but that it ripened while pending. ID at 1. She concluded, however, that the Board lacked jurisdiction over the appeal because the appellant failed to show that he requested reconsideration of the January 20, 2015 WIGI denial notice. ID at 2-3.

¶6        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that, as of December 2, 2014, the agency had effectively denied his WIGI because he did not receive an increase in pay; and that the agency acted improperly by issuing the denial notice on January 20, 2015, rather than notifying him in advance of its decision to deny his WIGI. *Id.* at 11-13. The agency has filed a response, and the appellant has filed a reply.[4] PFR File, Tabs 3-4.

---

[3] The appellant argues that the administrative judge should not have permitted the agency to raise the issue of jurisdiction in its close of record submission because the agency failed to timely raise an objection regarding jurisdiction in response to the prehearing conference summary. PFR File, Tab 1 at 5, 10. We discern no error because the issue of jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time. *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 9 (2012).

[4] The appellant also asserts that the administrative judge erred by denying his motion to compel the agency to produce the documentation, which he contends would have shown the actual date of the WIGI denial. PFR File, Tab 1 at 5. We find that this issue is now moot in light of our finding of jurisdiction. He also argues that the administrative judge erred by not sanctioning the agency for failing to submit an agency file. *Id.* at 9. He does not explain how the agency's failure to submit an agency file harmed him. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). Moreover, we discern no harm because the agency filed a motion to dismiss, as well as a detailed close of record submission with

The appellant was due to receive his WIGI to step 4 on November 30, 2014.

¶7          On April 4, 2014, an initial decision in a prior Board appeal ordering the agency to grant the appellant a WIGI to step 2 retroactive to December 2, 2012, became the Board's final decision when neither party filed a petition for review. MSPB Docket No. DC-531D-13-1273-I-1, Initial Decision (Feb. 28, 2014); *see* 5 C.F.R. § 1201.113. The appellant therefore was due to receive his WIGI to step 3 on December 1, 2013. *See* 5 U.S.C. § 5335 (a)(1). On May 23, 2014, the agency informed him of its decision to deny his WIGI to step 3. IAF, Tab 21 at 19. The appellant filed an appeal with the Board regarding the agency's denial of his WIGI to step 3 and, on December 29, 2014, the Board reversed the action and ordered the agency to retroactively grant him his WIGI to step 3. MSPB Docket No. DC-531D-14-0587-I-1, Remand Order (Dec. 29, 2014). The agency subsequently granted the step 3 WIGI retroactive to December 1, 2013. IAF, Tab 21 at 61. We therefore find that the appellant was due to receive his WIGI to step 4 52 weeks later on November 30, 2014. *See* 5 U.S.C. § 5335(a)(1).

¶8          We reject the agency's assertion that it believed the appellant was not due to receive his WIGI to step 4 until May 23, 2015, because it did not inform him until May 23, 2014, of its decision to deny his WIGI to step 3. *See* PFR File, Tab 1 at 5. The agency is not permitted to extend the appellant's due date for a WIGI simply by delaying in informing him of its decision to deny it. Notably, the agency does not claim that it properly delayed making an ALOC determination pursuant to 5 C.F.R. § 531.409(c)(1). Rather, it cites 5 C.F.R. § 531.411, which relates to granting a WIGI after it has been withheld, and involves preparing a new rating of record and making a new ALOC determination. IAF, Tab 21 at 5. Section 531.411 does not support the agency's position, but rather makes clear that, when an agency withholds a scheduled WIGI, it "shall determine whether the employee's performance is at an acceptable level of competence after no more

---

numerous exhibits, both of which addressed the issues in this appeal and to which the appellant submitted responses. IAF, Tabs 5, 7, 21-24.

than 52 calendar weeks following <u>the original eligibility date</u> for the within-grade increase." (emphasis added).

The Board has jurisdiction over the instant appeal.

¶9        An agency is required to make an ALOC determination as of the date a WIGI is due, and a failure to comply with this requirement is tantamount to a WIGI denial. *Martinesi v. Equal Employment Opportunity Commission*, <u>24 M.S.P.R. 276</u>, 280 (1984); *see* <u>5 U.S.C. § 5335</u>(c). The appellant's WIGI to step 4 was scheduled for November 30, 2014. There is no dispute that the agency did not make an ALOC determination prior to that date or for nearly 2 months thereafter. *See* IAF, Tab 5 at 4. We therefore find that the agency denied the appellant's WIGI, effective November 30, 2014.

¶10       An employee ordinarily is not entitled to appeal the denial of a WIGI to the Board unless he has first timely sought and received a reconsideration decision from the agency. <u>5 U.S.C. § 5335</u>(c). However, if an agency fails to comply with the statutory requirement that it inform an employee of his right to reconsideration of the WIGI denial, that failure is sufficient to allow the Board to assume jurisdiction and to adjudicate the appeal on its merits. *Martinesi*, 24 M.S.P.R. at 280. In the instant case, the agency failed to notify the appellant of his right to request reconsideration on November 30, 2014, the date his WIGI was denied. We find that this is sufficient for us to assume jurisdiction. That the appellant failed to respond to the agency's belated notification of the right to request reconsideration does not relieve us of jurisdiction. *Cf. Hagan v. Department of the Army*, <u>99 M.S.P.R. 313</u>, ¶ 6 (2005) (the Board's jurisdiction is determined by the nature of an agency's action when an appeal is filed).

¶11       Based on the foregoing, we must remand this appeal for further adjudication. Although we find that the appellant was denied a scheduled WIGI, we make no finding as to whether that denial was otherwise proper. In his petition for review, the appellant makes numerous arguments regarding the merits

of his appeal and his whistleblower affirmative defense.[5]   PFR File, Tab 1 at 17-29.  Those issues will be addressed on remand.

**ORDER**

For the reasons discussed above, we REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          _____

                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.

---

[5] The appellant contends that the administrative judge erred by rejecting evidence regarding the validity of his performance plan on the ground that it was untimely filed. PFR File, Tab 1 at 5.  The appellant has not identified with specificity the evidence he attempted to introduce and proffers no argument that the allegedly rejected evidence was timely filed.   The record does indicate that the administrative judge rejected evidence the appellant submitted on timeliness grounds, but does not identify the specific evidence.  IAF, Tab 31 at 1.  To the extent that this is the order to which the appellant is referring, we note that he filed a pleading, contained in the record, wherein he argued that his performance standards were invalid.  IAF, Tab 32 at 7-8.  In sum, we see no indication that evidence was improperly rejected and, in any event, the appellant has not been precluded from advancing the argument at issue.

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

BARRY AHURUONYE,                    DOCKET NUMBER
            Appellant,       DC-0432-15-0649-I-1

     v.

DEPARTMENT OF THE INTERIOR,         DATE: May 18, 2015
           Agency.

## SUMMARY OF PRELIMINARY STATUS CONFERENCE AND ORDER CLOSING THE RECORD

On May 15, 2015, I held a preliminary status conference in this proceeding. The purpose of the status conference was to discuss case processing and settlement. The parties also discussed the appellant's Individual Right of Action appeal. *See Ahuruonye v. Department of the Interior*, DC-1221-15-0634-W-1, Tab 8.

During the status conference, I encouraged the parties to pursue settlement options. I told the parties that I am able to facilitate settlement discussions directly, or the parties may participate in the Mediation Appeals Program (MAP). Should the parties wish to schedule a settlement conference or participate in the MAP, they should notify me as soon as possible. Additional information on the MAP can be found in the May 4, 2015 Acknowledgement Order. *See* Appeal File, Tab 3.

## ORDER CLOSING THE RECORD

Because the appellant has not requested a hearing, the record in this appeal will close on **August 14, 2015.** All evidence and argument must be filed by that

date.  Evidence and related argument filed after that date will not be accepted unless the party submitting the evidence shows that it is new and material evidence that was not available before the record closed.  Notwithstanding the close of the record, however, pursuant to 5 C.F.R. § 1201.58(c), a party must be allowed to respond to new evidence or argument submitted by the other party just before the close of the record.

## CLOSE OF RECORD CONFERENCE

I will conduct a telephonic close of record conference on **July 31, 2015**, at **10:00 a.m.**  The parties must be prepared, as appropriate, to discuss settlement, to define the issues, and to reach stipulations of uncontested facts.  To join the conference, you must call **1-800-793-9878**, and at the prompt enter Participant Code **1234124**.

NOTE:  Since I will discuss settlement options during this conference, representatives must have the authority to settle this appeal or be able to reach the person with that authority on short notice.  We may include that person in the conference discussions if I deem it necessary.

FOR THE BOARD:                    _____/S/_____
                                  Andrew M. Dunnaville
                                  Administrative Judge

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Appellant

Electronic Mail          Barry Ahuruonye
                         2001 Oglethorpe St, #202
                         Hyattsville, MD 20782

                         Agency Representative

Electronic Mail          Josh C. Hildreth
                         Department of the Interior
                         Office of the Solicitor
                         1849 C. St. NW, Ms 6444
                         Washington, DC 20240

| May 18, 2015 | /s/ |
|---|---|
| (Date) | Latisha Clinton |
| | Paralegal Specialist |

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| BARRY AHURUONYE,<br>      Appellant,<br><br>    v.<br><br>DEPARTMENT OF THE INTERIOR,<br>      Agency. | Docket No. DC-0432-15-0649-I-1<br><br>Date:   March 16, 2015 |

## AGENCY'S DISCOVERY RESPONSES

The Department of the Interior ("DOI" or "Agency"), through undersigned counsel, hereby responds to Appellant's Request for Production of Documents.

### General Objections

The Agency makes the following general objections with respect to each and every item of Appellant's Interrogatories. These objections are not waived, even if some objectionable documents are made available to Appellant, nor does the Agency, by producing the requested documents, waive objection to their admission into evidence on the grounds of relevance, materiality or other proper ground for objection.

1.     The Agency objects to each and every interrogatory and request as unduly burdensome and oppressive, to the extent that it seeks information and/or the production of materials that have already been made available to Appellant, including without limitation, information and documents Appellant has received as part of the Agency Response in this case.

2.     The Agency objects to each interrogatory and request to the extent that it calls for information or documents subject to the deliberative process and attorney-client privileges, documents protected as attorney work-product or by the Privacy Act, 5 U.S.C. §552a, or materials otherwise subject to other applicable privileges or immunity.

3.     The Agency objects to Appellant's Interrogatories and Request for Production to the extent that the inquiry or request seeks to require Respondent to provide information not fully known at this time.

4.     Respondent objects to each document production request to the extent that the inquiry or request seeks to require Respondent to provide information which is not necessary to supplement the record.

5.      Without waiving the above objections, Respondent will provide only relevant, non-privileged information currently available to it, subject only to requirements for supplementation of Responses. Respondent further qualifies each of its Responses below with the fact that discovery has not yet been completed in this action and additional facts and witnesses may be discovered in the future.

## Requests for Documents

1.      **Copies of all emails communications between Penny Bartnicki and other stakeholders where the appellant name was the subject or referenced to regarding appellant's termination**

AGENCY RESPONSE:      Ms. Bartnicki did not send any emails to any FWS "stakeholders" notifying them of Appellant's removal.

2.      **Copies of all policies (or certain policies) which the agency relied on in making the decision to conduct 5/1/14 annual performance evaluations and 11/28/14 performance Evaluation**

AGENCY RESPONSE:      The Agency relied upon Agency Policy 370 DM 430, 224 FW 1 (Agency Response, Tab 4I), and OPM regulations found in Chapter 430 of Title 5 of the Code of Federal Regulations.

3.      **Names of all employees that Penny Bartnicki conducted 5/1/14 annual performance rating and    11/28/14 performance rating and a copy of such evaluation or any date within the Fiscal year 2014 and how many rating for each employee whether it be for 2013 or 2014 fiscal year as long as the rating took place in 2014**

AGENCY RESPONSE:      Employees receive a single performance evaluation for a designated performance period in each fiscal year. Typically that performance period is October 1 through September 31 of each fiscal year. No CIAP employee received two annual performance evaluations for FY 14. Mr. Ahuruonye returned to Ms. Bartnicki's supervision in September 2013. An employee must be in place for at least 90 days before an performance can be evaluated, Mr. Ahuruonye was evaluated for the FY 13 rating period on 5/1/14 for the performance period 9/12/13 – 1/31/14. He was evaluated for the FY 14 rating period on 11/20/2014 for the performance period 2/1/14 – 9/30/14. The Agency has produced responsive performance ratings in a file labeled as "Ahuruonye.FWS.MSPB.14.Discovery.Request3.zip."

4.      **Names of all employees that Penny Bartnicki issued two performances rating for 2014 whether it be for 2013 or 2014 Fiscal year as long as it was issued in 2014 and a copy of such evaluations and ratings.**

AGENCY RESPONSE:      No employees were issued two performance ratings for FY 2014. CIAP staff member receive performance evaluations for a designated performance period. Because Mr. Ahuruonye's returned to CIAP on September 13, 2013, at the end of the typical FY 13 performance period and because an employee must be in place for 90 days before their

performance can be evaluated, Mr. Ahuruonye was evaluated for the FY 13 rating period on 5/1/14 for the performance period 9/12/13 – 1/31/14. He was evaluated for the FY 14 rating period on 11/20/2014 for the performance period 2/1/14 – 9/30/14. Other CIAP staff were evaluated on the standard October 1, 2012 - September 30, 2013 performance period for FY 2013 and a similar period for FY 2014.

5. **Copies of the performance evaluations of the management official responsible for "Zero" Performance Evaluation**

AGENCY RESPONSE:   The Agency objects to this request to the extent that it is unlikely to lead to the admission of relevant evidence.

6. **True Copies of Human Resources issued "Within – Grade Notice" for 2014 Determination   for Barry Ahuruonye (You referred this document as an "agency internal memo" in the last WIGI appeal I need exactly the same document for 2013 and 2014) \*\*This document is essential to this appeal as it  specifically document the date the Acceptable Level of Performance was made**

AGENCY RESPONSE:   The Agency objects to this request to the extent that it seeks information irrelevant to this appeal, and specific to other pending litigation brought by Appellant.  Specifically, Appellant's request references the subject of appeal identified as MSPB docket NO. DC-531D-15-242-I-1.

7. **True Copies of Human Resources issued "Within – Grade Notice" for 2014 Determination   for the rest CIAP employees (You referred this document as an "agency internal memo" in the last WIGI appeal I need exactly the same document for 2013 and 2014) \*\*This   document is essential to this appeal as it document specifically document the date the Acceptable Level of Performance was made**

AGENCY RESPONSE:   The Agency objects to this request to the extent that it seeks information irrelevant to this appeal, and specific to other pending litigation brought by Appellant.  Specifically, Appellant's request references the subject of appeal identified as MSPB docket NO. DC-531D-15-242-I-1.

8. **List of work related trainings that have been afforded to the staff under Ms. Bartnicki from July 2012 to December 2014 and the names of those employees/contractors.**

AGENCY RESPONSE:   The Agency has produced the responsive information in an attached chart. *See* "Ahuruonye.FWS.MSPB.14.Discovery.Request8.pdf."

9. **Copy of Termination SF52 and supporting documents with Termination SF52 approval date.**

AGENCY RESPONSE:   No responsive documentation exists.  The SF-50 used to implement Appellant's removal was produced in the Agency file, identified as Tab 4A.

10.   **Copies of all written communications emails etc with all parties with respect to Barry Ahuruonye's Termination SF52 processing and approval.**

AGENCY RESPONSE:      No SF-52 exists; accordingly, no responsive documentation exists.

11.   **Copies all communication including emails with deciding official with respect to his termination decision of 4/24/15**

AGENCY RESPONSE:      The Agency objects to this request to the extent that it seeks information protected by the attorney-client privilege. The Agency also objects to this request to the extent that it is vague and overly broad.

12.   **A copy of agency Form 2809 that was used to terminate the appellant health benefit insurance coverage and any all documents emails communication associated with the appellant health benefit termination including those with the health insurance carrier**

AGENCY RESPONSE:      The Agency objects to this request to the extent that it is unlikely to lead to the admission of relevant evidence.

Respectfully Submitted,

/s/ *Josh C. Hildreth*
Josh C. Hildreth
Agency Counsel
U.S. Department of the Interior
1849 C Street, NW   MS 6456
Washington, DC  20240
Phone:  (202) 219-0362
Facsimile:  (202) 208-3230

4

## CERTIFICATE OF SERVICE

I, Josh C. Hildreth, hereby certify that the foregoing "Agency's Discovery Responses" was served by email on the Appellant, at the foregoing address, this 17th day of June, 2015.

**Barry Ahuruonye**
2001 Ogelthorpe Street, # 202
Hyattsville, MD 20782
Barry_ahuruonye@yahoo.com

/s/ *Josh C. Hildreth*
Josh C. Hildreth
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW MS 6456
Washington, DC 20240
(202) 219-0362
Josh.Hildreth@sol.doi.gov

Print - Close Window

**Subject:**   Re: FOIA Request by Barry Ahuruonye FOIA tracking number FWS-2015-01064

**From:**   FOIA, FWHQ (fwhq_foia@fws.gov)

**To:**   barry_ahuruonye@yahoo.com;

**Date:**   Wednesday, July 1, 2015 8:46 AM


Dear Mr. Ahuryonye,

I sent the request to HR on 6/18. I am following up with HR this morning. You should
have received a formal acknowledgment and a request for identity verification. I have
assigned someone in this office to assist HR in the processing of this request.

Respectfully,

Melissa Allen

On Wed, Jul 1, 2015 at 8:25 AM, Barry
Ahuruonye <barry_ahuruonye@yahoo.com> wrote:
Dear Ms. Allen,

I am yet to hear from the HR,  Time is the essence for these documents and if the agency
don't provide thhem  within 20 working days, from my 6/18/15  request , I will file a FOIA lawsuit in
the United States District Court  which I believe will be around 7/17/15

Thanks
Barry

Print - Close Window

**Subject:**   FWS-2015-01064: Acknowledgement Letter

**From:**   Adyelott, Dontae (dontae_adyelott@fws.gov)

**To:**   barry_ahuruonye@yahoo.com;

**Cc:**   melissa_allen@fws.gov; pamela_mozina@fws.gov;

**Date:**   Wednesday, July 1, 2015 3:59 PM

Hello Mr. Ahuruonye:

Please see the attached acknowledgement letter with additional instructions regarding your FOIA request. We have begun the process of collecting the information that you've requested in order to meet the July 17th deadline allowed within the 20-day response time. Prior to the release of these records, however, you will be required to provide proof of identity statement. If you have any questions, please contact me.

Thank you,

Dontae Adyelott
Division of Human Resources
5275 Leesburg Pike, MS-BPHC
Falls Church, VA 22041
703-358-2062 (p) / 703-358-1997 (f)
dontae_adyelott@fws.gov

Follow us on **www.twitter.com/usfwsjobs**
Like us on **www.facebook.com/usfwsjobs**

Print - Close Window

**Subject:**   Re: FWS-2015-01064: Acknowledgement Letter update 7-3-15

**From:**   Allen, Melissa (melissa_allen@fws.gov)

**To:**   barry_ahuruonye@yahoo.com;

**Cc:**   dontae_adyelott@fws.gov; pamela_mozina@fws.gov;

**Date:**   Monday, July 6, 2015 9:03 PM

Dear Mr. Ahuruonye,

I am not sure whether you have received a response from the Human Resources Office, but the records you requested are not records in the control of the United States Fish and Wildlife Service.

Since you are no longer a FWS employee, you must request those records directly from the Office of Personnel Management (OPM). This is the form that OPM will require you to submit:https://www.opm.gov/forms/pdf_fill/inv100.pdf.

I am out of the office, but Ms. Adyelott will be able to answer your questions.

Respectfully,

Melissa Allen

Print - Close Window

**Subject:**   FWS-2015-01064: Response Letter

**From:**   Adyelott, Dontae (dontae_adyelott@fws.gov)

**To:**   barry_ahuruonye@yahoo.com;

**Cc:**   melissa_allen@fws.gov; pamela_mozina@fws.gov; Rebekah_Giddings@fws.gov;

**Date:**   Tuesday, July 14, 2015 10:12 AM

Hello Mr. Ahuruonye:

Please see the attached response letter with regards to FOIA request FWS-2015-01064. Due to the personally identifiable information (PII) contained in your request, we have shipped the documents via Fedex. The tracking number for this shipment is 774044221791. If you have any questions, please contact me.

Thank you,
Dontae Adyelott
Division of Human Resources
5275 Leesburg Pike, MS-BPHC
Falls Church, VA 22041
703-358-2062 (p) / 703-358-1997 (f)
dontae_adyelott@fws.gov

Follow us on **www.twitter.com/usfwsjobs**
Like us on **www.facebook.com/usfwsjobs**

Print - Close Window

**Subject:** Re: FWS-2015-01064: Response Letter Update 7-15-15

**From:** Allen, Melissa (melissa_allen@fws.gov)

**To:** barry_ahuruonye@yahoo.com;

**Cc:** dontae_adyelott@fws.gov; pamela_mozina@fws.gov; Rebekah_Giddings@fws.gov;

**Date:** Wednesday, July 15, 2015 2:08 PM

Dear Mr. Ahuruonye,

My apologies, for I did not intend to send you on a wild goose chase by referring you to OPM. I asked the Departmental Human Resources (HR) Office a question about records ownership and received a response from the HR that records would have to be requested from OPM. Marion Campbell in the FWS HR Office subsequently advised me with the correct information and the letter HR issued to you referenced that information ("After July 30, 2015, all documents contained in your Official Personnel Folder (OPF) must be requested from the National Personnel Records Center, in accordance with Privacy Act Issuances: 2011, The Office of the Federal Register (OFR)").

Respectfully,

Melissa Allen

Print - Close Window

**Subject:**   Re: FWS-2015-01064: Response Letter

**From:**      Adyelott, Dontae (dontae_adyelott@fws.gov)

**To:**        barry_ahuruonye@yahoo.com;

**Cc:**        melissa_allen@fws.gov; pamela_mozina@fws.gov; Rebekah_Giddings@fws.gov;

**Date:**      Thursday, July 16, 2015 4:06 PM

Hello Mr. Ahuruonye:

Please see the attached response letter with regards to your reply to our previously issued
response.  Due to the personally identifiable information (PII) contained in your request, we
have shipped the documents via Fedex.  The tracking number for this shipment
is 774071390982.  If you have any questions, please contact me.

Thank you,
Dontae Adyelott
Division of Human Resources
5275 Leesburg Pike, MS-BPHC
Falls Church, VA 22041
703-358-2062 (p) / 703-358-1997 (f)
dontae_adyelott@fws.gov

Follow us on **www.twitter.com/usfwsjobs**
Like us on **www.facebook.com/usfwsjobs**


Dontae Adyelott
Division of Human Resources
5275 Leesburg Pike, MS-BPHC
Falls Church, VA 22041
703-358-2062 (p) / 703-358-1997 (f)
dontae_adyelott@fws gov

Follow us on **www.twitter.com/usfwsjobs**
Like us on **www.facebook.com/usfwsjobs**

United States Department of the Interior

FISH AND WILDLIFE SERVICE
Washington, D.C. 20240



In Reply Refer To:
FWS-2015-01064

JUL 01 2015

Barry Ahuruonye
2001 Oglethorpe Street # 202
Hyattsville, Maryland 20782
barry_ahuruonye@yahoo.com

Dear Mr. Ahuruonye:

This letter is in response to your Freedom of Information Act (FOIA) request dated June 18, 2015
for the following documents:

1. A copy of your SF 52 Termination document dated 4/14 15;
2. A copy of the "Form 2809" that was used to terminate your health benefit insurance
   on or about 4/14/15; and
3. A copy of your FY 2014 "Within   Grade Notice

Your request was received by the United States Fish and Wildlife Service, Division of Human Resources,
on June 18, 2015, and assigned control number FWS-2015-01064. Please cite this number in any future

ed statement from you stating,
laws of the United States of

**ithin 20 workda** s from the
rsuing your request, we will not
*43 C.F.R. § 2.5(d)*.

peals Officer.  If you choose to
ppeal **no later than 30**
5 p.m. Eastern Time, Monday

d accompanying materials to
. All communications
DOM OF INFORMATION
S's response is in error.  You
you and the FWS concerning
response.  Failure to include
t in the Department's rejection of
the FOIA/Privacy Act Appea
peal.

Please include your name and daytime telephone number (or the name and telephone number of an appropriate contact), email address and fax number (if available) in case the FOIA/Privacy Act Appeals Officer needs additional information or clarification of your appeal.

*DOI FOIA Privacy Act Appeals Office Contact Information*

Department of the Interior
Office of the Solicitor
1849 C Street, N.W.
MS-6556 MIB
Washington, DC 20240

Attn: FOIA/Privacy Act Appeals Office

Telephone: (202) 208-5339
Fax: (202) 208-6677
Email: FOIA.A eals  sol.doi. ov

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of FOIA. *See* 5 U.S.C. 552(c). This response is limited to those records that are subject to the requirements of FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
E-ma   o is  nara. ov
Web: https: ogis.archives.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

Please note that using OGIS services does not affect the timing of filing an appeal with the Department's FOIA & Privacy Act Appeals Officer. If you have any questions about our response to your request, feel free to contact Dontae Adyelott at (703) 358-2062.

Sincerely,

Dontae L. Adyelott,
FWS-HQHR FOIA Representative

Barry U. Ahuruonye
2001 Oglethorpe Street #202
Hyattsville, MD 20782
Cell# (312) 802-7791
barry_ahuruonye@yahoo.com
July 1, 2015

---

## FWS-2015-01064

---

To whom it may concern

Per your acknowledgement letter dated July 1, 2015; I am reiterating my request for the documents first requested on 6/18/15 as summarized in your acknowledgement letter and noted below as well:


(1) A copy of my m SF 52 Termination document
Detail noted below:
According to the agency personnel Record and document with respect to SF52 Termination of 4/14/15
"DATE
DAYS IN DAYS ACTION
ACTION RECEIVED
QUEUE ELAPSED TAKEN BY TAKEN 04/14/15 BILLOTIE, KELLY C
INITIATED 04/14/15 BILLOTIE, KELLY C
SIGNED AS SPECIALIST 04/14/15 BILLOTIE, KELLY C SPECIALIST

04/14/15 BILLOTIE, KELLY C SIGNED AS SPECIALIST 04/14/15 BILLOTIE, KELLY C SF52
APPROVAL 04/14/15 BILLOTIE, KELLY C SIGNED BY APPROVER 04/14/15 COMPLETED"

(2) A copy of the "Form 2809" that was used to terminate my health benefit insurance on or about
4/14/15

(3) A Copy of my FY 2014 ""Within – Grade Notice"

**** The two noted below were not included in my initial request.
****(A)  Copies of all written communications emails etc. with all parties with respect to Barry
Ahuruonye's Termination SF52  processing and approval. especially communications to and from
Kelly Billotie to The **Wildlife** and **Sport Fish Restoration** Program  management/staff that lead to
processing and approving of SF 52 Termination form of 4/14/15

(B) Copies of all written communications emails etc. with all parties  specifically **Wildlife** and **Sport
Fish Restoration** Program  management/staff with respect to Barry Ahuruonye's "Form 2809"
processing and approval and supporting documents that was the basis of my health benefit terminations
beginning on 4/17/15

****Please you can chose to include the (A) & (B) request to this request or you can process them as a
second request if this will delay your compliance with 7/17/15 deadline

*Continued…*

I declare, certify, verify or state that under penalty of perjury under the laws of the United States of America the forgoing is true and correct

Barry Ahuruonye

7/1/15

2

Print

**Subject:** Re: FWS-2015-01064: Acknowledgement Letter

**From:** Barry Ahuruonye (barry_ahuruonye@yahoo.com)

**To:** dontae_adyelott@fws.gov; dontae_adyelott@fws.gov;

**Cc:** melissa_allen@fws.gov; pamela_mozina@fws.gov;

**Date:** Wednesday, July 1, 2015 6:22 PM


Please see the attached

Barry
312-802-7791

---

**From:** "Adyelott, Dontae" <dontae_adyelott@fws.gov>
**To:** barry_ahuruonye@yahoo.com
**Cc:** Melissa Allen <melissa_allen@fws.gov>; Pamela Mozina <pamela_mozina@fws.gov>
**Sent:** Wednesday, July 1, 2015 3:59 PM
**Subject:** FWS-2015-01064: Acknowledgement Letter

Hello Mr. Ahuruonye:

Please see the attached acknowledgement letter with additional instructions regarding your FOIA request. We have begun the process of collecting the information that you've requested in order to meet the July 17th deadline allowed within the 20-day response time. Prior to the release of these records, however, you will be required to provide proof of identity statement. If you have any questions, please contact me.

Thank you,
Dontae Adyelott
Division of Human Resources
5275 Leesburg Pike, MS-BPHC
Falls Church, VA 22041
703-358-2062 (p) / 703-358-1997 (f)
dontae_adyelott@fws.gov

**Follow us on www.twitter.com/usfwsjobs**
**Like us on www.facebook.com/usfwsjobs**

**Subject:**   Re: FOIA Request by Barry Ahuruonye

**From:**      FOIA, FWHQ (fwhq_foia@fws.gov)

**To:**        barry_ahuruonye@yahoo.com;

**Date:**      Thursday, June 18, 2015 9:24 AM


Dear Mr. Ahuruonye,

We have assigned your request tracking number FWS-2015-01064 and have forwarded it to the Human Resources (HR) Office. Please be advised that HR will request documentation from you to verify your identity.

In the interim, please feel free to contact me if you have any questions.

Respectfully,

Melissa Allen

On Thu, Jun 18, 2015 at 2:19 AM, Barry Ahuruonye <barry_ahuruonye@yahoo.com> wrote:


Dear Ms Allen,

Your name has been provided to me I need the following information with respect to my employment with FWS services my name is Barry Ahuruonye

2001 Oglethorpe Street # 202, Hyattsville MD 20782

Phone 312-802-7791

( 1) A copy  of  my m SF 52 Termination document

Detail noted below:

According to the agency personnel Record and document with respect to SF52 Termination of 4/14/15. @TAB 7 Pages 24

"DATE

DAYS IN DAYS ACTION

ACTION RECEIVED

QUEUE ELAPSED TAKEN BY TAKEN 04/14/15 BILLOTIE, KELLY C

INITIATED 04/14/15 BILLOTIE, KELLY C

SIGNED AS SPECIALIST 04/14/15 BILLOTIE, KELLY C SPECIALIST P

4

04/14/15 BILLOTIE, KELLY C SIGNED AS SPECIALIST 04/14/15 BILLOTIE, KELLY C SF52 APPROVAL 04/14/15 BI LLOTIE, KELLY C SIGNED BY APPROVER 04/14/15 COMPLETED"

 (2) A copy of the  "Form 2809" that was used to terminate my health benefit insurance on or about 4/14/15

A Copy of my FY 2014 " "Within – Grade Notice".

- **I will appriciate  your help in expediting my request**



  **Thanks**

  **Barry Ahuruonye**

  **FOIA Contact:** To make a FOIA request to U.S. Fish and Wildlife Service please send request to:

  Melissa Allen

  FOIA Officer

  MS-IRTM

  5275 Leesburg Pike

  Falls Church, VA 22041

  (703) 358-2470 (Telephone)

  (703) 358-2251 (Fax)

  *fwhq_foia@fws.gov* (Request via Email)



--
United States Fish and Wildlife Service
Headquarters Freedom of Information Act Office
MS: IRTM
5275 Leesburg Pike
Falls Church, VA  22041

00001.  ₄04911 000135 000135 0001/0001

 

## Blue Cross ®
## Blue Shield ®

## Federal Employee Program

>0000135 3404911 001 92022  000135

BARRY U AHURUONYE                                    MAY 18, 2015
2001 OGLETHORPE ST
UNIT 202
HYATTSVILLE MD 20782-2712

DEAR MR. AHURUONYE:

We have been notified by your agency's payroll office that your coverage in the Federal
Employees Health Benefit (FEHB) Program has been terminated. Regretfully, your enrollment
in the Blue Cross and Blue Shield Service Benefit Plan has been terminated effective 04/17/2015.
After this date, you will receive an additional 31 days of coverage. We will be requesting a
refund for any claims paid in error after your 31-day extension of coverage. You will be
notified by your local Blue Cross and Blue Shield Plan regarding refund procedures for those
claims.

If you disagree with this decision, you may ask your employing office or retirement system to
reconsider our decision. The request must be made in writing and must include your name,
address, Social Security Number or other personal identification number, name of carrier,
reason(s) for the request, and if applicable, retirement claim number. The request for
reconsideration must be filed within 60 calendar days after the date of this termination notice.
Once you have requested reconsideration, please immediately contact the customer service
unit at your local Blue Cross and Blue Shield Plan to make them aware of your request.
Providing this information is important so your local Blue Cross and Blue Shield Plan can
suspend its refund recovery activity for claims paid in error until your employing office or
retirement system makes a decision on your reconsideration request. The customer service
telephone number is located on the back of your identification card.

We regret any inconvenience this may cause you. If you have any questions, please contact
your Payroll Office.

                                             Enrollment Processing Section
                                             FEP Operations Center®

The Government - Wide Service Benefit Plan
Blue Cross and Blue Shield Association



000003!   3157 000035 000035 0001/0001

## Explanation of Benefits
### THIS IS NOT A BILL

**YE**



MAILROOM ADMINISTRATOR
PO BOX 14111
LEXINGTON, KY 40512-4111
(410) 581-3455      (800) 638-6756
TDD 711

WWW.FEPBLUE.ORG

>0000035 3426157 001 92022  000035
BARRY U AHURUONYE
2001 OGLETHORPE ST
UNIT 202
HYATTSVILLE MD 20782-2712

---

| EXPLANATION OF BENEFITS AT A GLANCE | |
|---|---|
| | ID Number:          R60164431 |
| | Claim Number:    5149167209P |
| **Patient Name:**          BARRY | |
| | Claim Received On:   05/29/2015 |
| **Dates of Service:**    05/26/2015 - 05/26/2015 | Claim Processed On:   06/01/2015 |
| | Patient Acct No: 064246177 |

**Provider: QUEST DIAG**                                    Dates of Service: 05/26/2015 - 05/26/2015
**Type:      PREFERRED PROVIDER**

| Type of Service | Submitted Charges | Plan Allowance | Remark Codes | Deduct | Coinsurance Or Copay | Medicare/ Other Ins. | What We Paid | You Owe the Provider |
|---|---|---|---|---|---|---|---|---|
| MEDICAL CARE | 19.62 | | FAJ | | | | | 19.62 |
| DIAGNOSTIC PATHOLOGY | 84.22 | | FAJ | | | | | 84.22 |
| DIAGNOSTIC PATHOLOGY | 137.35 | | FAJ | | | | | 137.35 |
| DIAGNOSTIC PATHOLOGY | 125.43 | | FAJ | | | | | 125.43 |
| DIAGNOSTIC PATHOLOGY | 71.39 | | FAJ | | | | | 71.39 |
| DIAGNOSTIC PATHOLOGY | 162.44 | | FAJ | | | | | 162.44 |
| DIAGNOSTIC PATHOLOGY | 40.56 | | FAJ | | | | | 40.56 |
| TOTALS: | 641.01 | | | | | | | 641.01 |

### EXPLANATION OF REMARK CODES

FAJ--ACCORDING TO OUR RECORDS, YOUR ENROLLMENT UNDER THE BLUE CROSS AND BLUE
SHIELD SERVICE BENEFIT PLAN ID NUMBER LISTED ABOVE HAS BEEN TERMINATED.
THEREFORE, WE CANNOT PAY BENEFITS AND YOU ARE RESPONSIBLE FOR THESE CHARGES.
IF YOU ARE STILL ENROLLED IN THE BLUE CROSS AND BLUE SHIELD SERVICE BENEFIT
PLAN, PLEASE RESUBMIT YOUR CLAIM USING YOUR CURRENT ID NUMBER.

---

| Health Tips |
|---|
| Visit www.fepblue.org to learn about the Wellness Incentives Program. You can earn money on a health debit card to use for qualified medical expenses when you complete a health assessment and other wellness activities. |

If you have questions, please call a customer service representative at your local Blue Cross and Blue
Shield Plan. You may also request the diagnosis codes, the treatment codes, and the corresponding meanings
of the codes for your claim. If you disagree with the decision on your claims or request for services, and
wish to have the decision reconsidered, you must notify your Plan in writing within 6 months from the date
of this decision, i.e. 12/01/2015. You may request copies, free of charge, of any relevant materials and
Plan documents relating to your claim. Your Plan will not accept unauthorized reconsiderations from
providers. See the Disputed Claims section of your Service Benefit Plan Brochure.

CON0N020-1R (7-12)