## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARRY AHURUONYE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| THE INTERIOR, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No. 15-1215 (RBW)

## MEMORANDUM OPINION

The plaintiff, Barry Ahuruonye, filed this pro se civil case, alleging that the defendant,

the United States Department of the Interior, violated the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552 (2012), and the Privacy Act, 5 U.S.C. § 552a, by improperly withholding records

relating to the purported adverse employment action taken against him by the defendant. See

Complaint for Injunctive Relief ("Compl.") at 1.  Currently before the Court are the Defendant's

Reply Motion to Dismiss Plaintiff's Complaint and Motion for Summary Judgment[1] ("Def.'s

Mot."), ECF No. 12, and the Plaintiff's Response to the Agency Submission Dated 10/5/16 and

Plaintiff's Motion for Summary Judgment for the Agency's Willfully and Unlawfully

Concealing, Removing, Obliterating, or Destroying Federal Records in the Form of the

plaintiff's Agency's Form "Within – Grade Notice" for 2013 and 2014 pursuant to 5 CFR

531.409 – Acceptable Level of Competence Determinations ("Pl.'s Mot." ), ECF No. 14.  Upon

---

[1] The defendant also moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the plaintiff has failed to state a claim upon which relief can be granted.  See Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 8.  Because the defendant's motion to dismiss contains "matters outside of the pleadings," Fed. R. Civ. P. 12(d), and because its motion for summary judgment consists of largely identical arguments, the Court will deny the defendant's motion to dismiss as moot.

Case 1:15-cv-01215-RBW   Document 16   Filed 03/08/17   Page 2 of 12

consideration of the parties' submissions,[2] the Court concludes for the following reasons that it must grant the defendant's motion for summary judgment and deny the plaintiff's motion for summary judgment.

## I.    BACKGROUND[3]

On June 18, 2015, the plaintiff submitted a FOIA request to the defendant, seeking "three items: 1) a copy of [the p]laintiff's SF-52 termination document, dated April 14, 2015; 2) a copy of the Form 2809 used to terminate [the p]laintiff's health benefit insurance on or about April 14, 2015; and 3) a copy of [the p]laintiff's Fiscal Year ('FY') 2014 Within[]Grade [Increase] Notice."[4]  Def.'s Mot., Defendant's Statement of Material Facts Not in Genuine Dispute ("Def.'s Facts") ¶ 1.  In response, the defendant provided the plaintiff copies of the SF-52, SF-2809, and SF-2810 forms in screen shot versions and a copy of his 2014 Within Grade Increase Notice in memorandum format.  See id., Def.'s Facts ¶¶ 3, 6.  "Following its search for responsive records, [the defendant] sent [the p]laintiff a letter dated July 14, 2015, advising him that all records that he had sought in his June 2015 FOIA request had been released in their entirety."  Id., Def.'s Facts ¶ 4.

---

[2] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Plaintiff's Motion for the Judge to Compel the Agency to Produce Agency's Form "Within – Grade Notice" for 2013 and 2014 or Sanction the Agency for Improperly Withholding This Two Documents/Forms Which the Agency Admitted in Their 3/16/15 MSPB Discovery Request that They Have Them ("Pl.'s Compel Mot. I"), ECF No. 9; (2) the Plaintiff's Supplement to his Motion for the Judge to Compel the Agency to Produce Agency's Form "Within – Grade Notice" for 2013 and 2014 or Sanction the Agency for Improperly Withholding this Two Vital and Essential documents/Forms Currently in Litigation Which the Agency Admitted in their 3/16/15 MSPB Discovery Response that They Have Them in Violation of Privacy Act, 5 U.S.C. subsection 552a FOIA  5 U.S.C. [§] 552(a)(4)(B) ("Pl.'s Supp. Mem. to Compel Mot. I") ECF No. 10; and (3) the Plaintiff's Motion to Compel Defendant to Comply with Court Order ("Pl.'s Compel Mot. II"), ECF No. 13.

[3] The Court notes that the facts in this case are not disputed by either party.

[4] The plaintiff uses the phrase "Within Grade Increase Notice" to refer to the agency's determination of the Acceptable Level of Competence, which "means the performance by an employee that warrants advancement of the employee's rate of basic pay to the next higher step of the grad or the next higher rate within the grade . . . of his or her position."  5 C.F.R. § 531.403 (2015).

2

On July 15, 2015, the plaintiff sent an e-mail to the defendant, stating that none of the information he sought in his June 2015 FOIA request had been released to him.  Particularly, the plaintiff noted that he did not receive a copy of the SF-2809 form or copies of both the SF-52 form and the 2014 Within Grade Increase Noice in the formats requested.  Id., Def.'s Facts ¶ 6. On July 16, 2015, in response to the plaintiff's concerns, the defendant sent a letter to the plaintiff, explaining that a hard copy of the SF-52 form did not exist because that form "was not maintained as a hard-copy record in [the defendant's] office after processing," and because an "[electronic] process [had] replaced the use of hard copy SF-52 [forms]."  Id., Def.'s Facts ¶ 7. Therefore, "to fulfill [the p]laintiff's request, [the defendant] provided [hard-copy print-outs of the] screen shots of the electronic file, which is the e-version of an SF-52."  Id., Def.'s Facts ¶ 7. Additionally, as part of its response, the defendant "advised [the p]laintiff that the SF-2809 . . . is used to initiate employee enrollment in the [Federal Employee Health Benefits] system (which was provided)," in addition to the SF-2810 form relating to the termination of his federal health benefits as part of its response.  Id., Def.'s Facts ¶ 7.  Finally, the defendant "informed [the p]laintiff that the 2014 [Within Grade Increase Notice] did not have a system-generated form due to the prior [Within Grade Increase] denial," and as a result, "a memo[random] was issued," which it provided to the plaintiff.  Id., Def.'s Facts ¶ 7.

On July 27, 2015, the plaintiff filed this FOIA action, alleging that the defendant failed to provide him his 2014 Within Grade Increase Notice and a copy of his SF-2809 form as requested.[5]  See generally Compl.  The defendant now moves for summary judgment, asserting

---

[5] Although asserted in his Complaint, the plaintiff does not argue that the defendant improperly withheld the SF-2809 form that he requested.  See generally Pl.'s Mot. (addressing only that the defendant has improperly withheld his 2014 Within Grade Increase Notice).  Therefore, because the plaintiff does not appear to continue to challenge the adequacy of the defendant's search for the SF-2809 document, the Court will consider this claim as conceded by the plaintiff.  See Hooker v. U.S. Dep't of Health and Human Servs., 952 F. Supp. 2d 194, 196 n.2

(continued . . .)

that it is entitled to judgment as a matter of law because "all responsive records that [the

p]laintiff requested have already been released to him, in full and un-redacted," Def.'s Mot. at 2,

and "[b]ecause no records have been withheld," id. at 5.  The plaintiff both opposes the

defendant's motion to dismiss and cross-moves for summary judgment, arguing that the 2014

Within Grade Increase Notice provided to him in memorandum format is not the document

requested, and that the document he requested is within the agency's possession.  Pl.'s Mot. at 1–

2.

## II.     STANDARD OF REVIEW

The Court must grant a motion for summary judgment "if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).  When ruling on a motion for summary judgment, the Court must

view the evidence in the light most favorable to the non-moving party.  Holcomb v. Powell, 433

F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150

(2000)).  The Court must therefore draw "all justifiable inferences" in the non-moving party's

favor and accept the non-moving party's evidence as true.  Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 255 (1986).  The non-moving party, however, cannot rely on "mere allegations or

denials."  Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Anderson, 477 U.S. at

248).  Thus, "[c]onclusory allegations unsupported by factual data will not create a triable issue

of fact."  Pub. Citizen Health Research Grp. v. FDA, 185 F.3d 898, 908 (D.C. Cir. 1999)

(alteration in original) (quoting Exxon Corp. v. FTC, 663 F.2d 120, 126–27 (D.C. Cir. 1980)).  If

the Court concludes that "the nonmoving party has failed to make a sufficient showing on an

_____

(. . . continued)
(D.D.C. 2013) (noting that summary judgment was granted because the "[p]laintiff did not challenge the adequacy
of [the] defendants' search for records in response to his FOIA requests in Counts II and III").

essential element of [its] case with respect to which [it] has the burden of proof," then the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, "in ruling on cross-motions for summary judgment, the [C]ourt shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed." Shays v. FEC, 424 F. Supp. 2d 100, 109 (D.D.C. 2006) (citation omitted).

FOIA cases are typically resolved on motions for summary judgment. Ortiz v. U.S. Dep't of Justice, 67 F. Supp. 3d 109, 116 (D.D.C. 2014); Defs. of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). The Court will grant summary judgment to the government in a FOIA case only if the agency can prove "that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." Friends of Blackwater v. U.S. Dep't of the Interior, 391 F. Supp. 2d 115, 119 (D.D.C. 2005) (quoting Greenberg v. U.S. Dep't of Treasury, 10 F. Supp. 2d 3, 11 (D.D.C. 1998)). Thus, in a lawsuit brought to compel the production of documents under the FOIA, "an agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested . . . has been produced.'" Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)).

### III.   ANALYSIS

#### A.  The Plaintiff's FOIA Claims

The plaintiff argues that the defendant violated the FOIA by failing to provide his 2014 Within Grade Increase Notice.[6] Pl.'s Compel Mot. I at 1. Specifically, he asserts that the

---

[6] The plaintiff also asserts that the defendant failed to provide to him his 2013 Within Grade Increase Notice.

(continued . . .)

memorandum the defendant provided to him in response to his request for the 2014 Within

Grade Increase Notice "has nothing to do with" the specific document requested.  Id. at 5.

According to the plaintiff, the document requested is separate and distinct from the defendant's

memorandum because the document requested contains the specific date the defendant made its

"Acceptable [L]evel of [C]ompetence determination[s]" for each respective year, whereas the

document provided does not contain that information.  Id.

"The adequacy of an agency's search is measured by a standard of reasonableness and is

dependent upon the circumstances of the case."  Weisberg v. U.S. Dep't of Justice, 705 F.2d

1344, 1351 (D.C. Cir. 1983) (internal quotation marks and citations omitted).  "An agency

'fulfills its obligations under [the] FOIA if it can demonstrate beyond material doubt that its

search was reasonably calculated to uncover all relevant documents,'" Hall v. Fed. Bureau of

Prisons, 132 F. Supp. 3d 60, 66 (D.D.C. 2015) (Walton, J.) (quoting Ancient Coin Collectors

Guild v. U.S. Dep't of State, 641 F.3d 504, 514 (D.C. Cir. 2011)); however, "a search is not

legally inadequate merely because it yields no responsive records," id.  To demonstrate that it

has conducted an adequate search, "the agency may submit affidavits or declarations that explain

in reasonable detail the scope and method of its search, [and i]n the absence of contrary

evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance

---

(. . . continued)

However, the plaintiff only requested the 2014 Within Grade Increase Notice in his FOIA request.  See Def.'s Mot., Def.'s Facts 1.  Furthermore, the Court is baffled by the plaintiff's assertion, given that he provided the Court with the requested 2013 Fiscal Year Acceptable Level of Competence Form.  See Pl.'s Compel Mot. I at 23. Accordingly, because the production of any 2013 Within Grade Increase Notice falls outside of the scope of the defendant's obligations under the FOIA, see Larson v. Dep't of State, 565 F.3d 857, 869 (D.C. Cir. 2009) (holding that the agency did not have an obligation to search for and produce the documents the plaintiff claimed entitlement to because the plaintiff's "FOIA request gave no indication that she sought" those particular documents); see also Truitt v. Dep't of State, 897 F.2d 540, 544 (D.C. Cir. 1990) ("To be sure, a request which fails to "reasonably describe [ ]" the documents sought does not trigger a search of agency records." (citation omitted)), and because it appears that, based on the record, the plaintiff already has possession of his 2013 Within Grade Increase Notice, it is unnecessary to consider his argument regarding this document, and it is therefore denied.

with the FOIA." Id.  Moreover, "[a]gency declarations generally are entitled to a presumption of good faith," id. at 67 (citing Ground Saucer Watch v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)), and therefore, "[t]o successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records," Span v. U.S. Dep't of Justice, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989)).

Here, the defendant has demonstrated that it conducted a search that was reasonably calculated to uncover the plaintiff's requested documents, satisfying its obligations under the FOIA.  To support its position that it performed a reasonable search and released all responsive documents to the plaintiff, the defendant submitted a declaration from Shelley Hartmann, the Acting FOIA Officer for the defendant's Fish and Wildlife Service.  See generally Def.'s Mot., Exhibit ("Ex.") 1 (Declaration of Shelley Hartmann ("Hartmann Decl.")).  In her declaration, Hartmann attested to her familiarity with the procedures followed for responding to FOIA requests, the procedures that were used in response to the plaintiff's FOIA request, and the defendant's response to the plaintiff's FOIA request.  See id, Ex. 1 (Hartmann Decl.) ¶¶ 2–3. She noted that the defendant's Human Resources Division, which oversees matters relating to personnel records, conducted a search for the plaintiff's requested items using "the plaintiff's name and the plaintiff's social security number," without imposing any date restrictions on the search.  Id., Ex. 1 (Hartmann Decl.) ¶ 6.  Hartmann also stated that the defendant "made a good faith effort to find all extent [sic] records responsive to the request and searched all files likely to contain responsive records," which resulted in the release of the 2014 Within Grade Increase denial memorandum to the plaintiff.  Id., Ex. 1 (Hartmann Decl.) ¶ 7.  According to the

defendant, "[t]he 2014 [Within Grade Increase Notice] did not have a system[-]generated form due to the prior Within Grade Increase denial, therefore a memo[random] was issued." Id., Ex. 1 (Hartmann Decl.) ¶ 13 (referencing the letter the defendant sent to the plaintiff addressing his concerns that the documents he received were not the documents he requested).  Based on this information, the Court finds the Hartmann declaration sufficient to demonstrate that the defendant conducted a reasonably calculated search for the document requested by the plaintiff.[7]

     Furthermore, the plaintiff has failed to present specific facts that create "a genuine issue with respect to whether the agency has improperly withheld extant agency records," Span, 696 F. Supp. 2d at 119, to rebut the presumption of good faith accorded to an agency's declaration.  In his attempt to demonstrate the existence of a genuine issue, the plaintiff asserts that the defendant admitted to having copies of the requested document based on its discovery response submitted during the plaintiff's appeal of his Within Grade Increase denial before the Merit Systems Protection Board.  Pl.'s Mot. at 4.  However, the discovery response the plaintiff cites does not indicate that the defendant has such documents in its possession; rather, the defendant's response simply indicated that the defendant considered the document requested to be "irrelevant" to his appeal.  See id. ("The Agency objects to this request to the extent that it seeks information irrelevant to this appeal, and specific to other pending litigation brought by [the plaintiff].").  Thus, contrary to the plaintiff's proposition, this response does not indicate that the defendant "has improperly withheld" the requested document.  Id.

     Additionally, the plaintiff notes that the Merit Systems Protection Board stated that his [Within Grade Increase] to step [four] was scheduled for November 30, 2014.

---

[7] Under the FOIA, an agency must "provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."  5 U.S.C. § 552(a)(3)(B).  Thus, although the plaintiff in this case would ordinarily be entitled to receive the record in the format he requested, the defendant has sufficiently demonstrated that the record the plaintiff seeks does not exist in the format requested.  See generally Def.'s Mot., Ex. 1 (Hartmann Decl.)

> There is no dispute that the agency did not make an [Acceptable Level of Competence] determination prior to that date or for nearly [two] months thereafter. We therefore find that the agency denied the [the plaintiff's] [Within Grade Increase], effective November 30, 2014.

Id. at 2 (internal citations omitted).  However, to the plaintiff's detriment, this response indicates

that the defendant did not make a separate 2014 Fiscal Year Acceptable Level of Competence

determination, but sent the memorandum to notify the plaintiff that his 2014 Within Grade

Increase had been denied.  See Compl. at 21, ¶¶ 4, 7 (whereby the Merit Systems Protection

Board explains that the defendant did not make a 2014 Fiscal Year Acceptable Level of

Competence determination because the defendant believed that it had until May 23, 2015, to

make that determination, but, while the plaintiff was appealing his prior Within Grade Increase

denial, the defendant sent the plaintiff a memorandum, which is the subject of this FOIA action,

informing the plaintiff that his Within Grade Increase to step four was denied)  Consequently, the

defendant has shown that other than the memorandum already provided to the plaintiff, a

separate Acceptable Level of Competence determination record for the fiscal year of 2014

sought by the plaintiff does not exist.

Absent any evidence of bad faith, the Court must accept the defendant's representations

that a reasonable search was conducted in good faith, that the system-generated form the plaintiff

requested does not exist, and that all responsive documents were released to the plaintiff.  See

Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Educ., 905 F. Supp. 2d 161, 172

(D.D.C. 2012) (finding that the agency did not violate the FOIA requirement to produce

documents in the requested format where there was no legitimate basis to suspect the scope or

good faith of the agency's responses, and the acceptance of the plaintiff's argument would

require creation of documentation, rather than requiring the production of what already exists);

see also SafeCard Servs. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (holding that a FOIA

requester cannot rebut an agency's affidavits with "purely speculative claims about the existence and discoverability of other documents" (internal quotation marks omitted) (quoting Ground Saucer Watch, Inc., 692 F.2d at 771)).  Accordingly, because Hartmann's declaration sufficiently demonstrates that the defendant conducted a reasonable search, and because the plaintiff's speculative allegations are devoid of specific facts that rebut the presumption of good faith afforded the agency's declaration, the Court must grant the defendant's motion for summary judgment on the plaintiff's FOIA claim.[8]

**B.  The Plaintiff's Privacy Act Claim**

The plaintiff also asserts that the defendant violated the Privacy Act because the 2014 Within Grade Increase Notice was a record within the defendant's system of records that the defendant failed to maintain "with such accuracy, relevance, timeliness, and completeness" as would have been necessary "to assure fairness" in the determination of his Within Grade Increase denial.  Pl.'s Mot. at 11 (citing 5 U.S.C. § 552a(e)(5)).

Under the Privacy Act, an individual may bring a civil action against an agency for "fail[ing] to maintain any record concerning an[] individual . . . as is necessary to assure fairness in any [adverse] determination relating to . . . benefits to the individual."  5 U.S.C. § 552a(g)(1)(C).  However, in order to recover damages under the Act, the plaintiff must prove that:

> (1) he has been aggrieved by an adverse determination; (2) the [agency] failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination; (3) the [agency's] reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the [agency] acted intentionally or willfully in failing to maintain accurate records.

---

[8] Because the defendant has not withheld any requested documents and has released the requested documents in their entirety to the plaintiff, the Court need not conduct a segregability analysis.  See 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.").

Chambers v. U.S. Dep't of Interior, 568 F.3d 998, 1007 (D.C. Cir. 2009) (alterations in original) (citing Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996)).  To meet his burden of proving that the agency intentionally or willfully violated the Privacy Act, the plaintiff "must prove that the offending agency acted 'without grounds for believing [that its actions were] lawful' or prove that it 'flagrantly disregarded' the rights guaranteed under the Privacy Act." Jacobs v. Bureau of Prisons, 845 F. Supp. 2d 224, 229–30 (D.D.C. 2012) (quoting Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987)).  This element "cannot be established with mere speculation."  Maydak v. United States, 630 F.3d 166, 183 (D.C. Cir. 2010) (citation omitted).

Here, the plaintiff has failed to meet his burden of demonstrating that the defendant intentionally or willfully failed to maintain his 2014 Within Grade Increase Notice in the format requested.  The plaintiff relies exclusively upon speculative and conclusory statements that his supervisor willfully concealed, removed, mutilated, obliterated or destroyed these records "[b]ecause it would have exposed her fraud and implicated her."  Pl.'s Mot. at 13.  Similar to the allegations offered in support of his FOIA claims, the plaintiff has provided no evidence that contradicts the defendant's explanation that a system-generated form of the 2014 Within Grade Increase Notice was not generated due to a prior Within Grade Increase denial.  And, as the Court noted above, the defendant did not make a 2014 fiscal year Acceptable Level of Competence determination, but rather sent the plaintiff a memorandum denying his step four Within Grade Increase.  See supra Part III.A.  Accordingly, the Court must grant the defendant summary judgment on the plaintiff's Privacy Act claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that it must grant the defendant's motion

for summary judgment and deny the plaintiff's motion for summary judgment.[9]

      **SO ORDERED** on this 8th day of March, 2017.[10]


REGGIE B. WALTON
United States District Judge

---

[9] Having concluded that denial of the plaintiff's summary judgment motion is warranted, the Court will also deny both of the plaintiff's motions to compel as moot.

[10] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.